By the Court,
Lane, O. J.
The object of the bill is to prevent the ■commissioners of the county from selling or leasing certain lots in ^Lebanon, claimed to have been dedicated to the town, by its original proprietors, as a public square, and to secure them to their public use.
The town" of Lebanon was laid out by Corwin, Hathaway, and Hurin, in 1802, but the record of the plat was not made until 1803. •On the plat the lots in question are designated as “ public ground.” The registration of the plat, by the operation of the statute of 1800, 2 Ch. St. 291, vests the fee of the land set apart for public uses in the ■ county, to hold upon the uses intended by the donor.
The commissioners claim to hold the lots free from the trust as the property of the county, because they were conveyed to them by a deed of the proprietors in 1809, and because they have been occupied by the county ever since, in the erection and use of a court house and jail, and because, as they say, the lots were originally designed for this purpose.
The dedicating act in- this ease, was the registry of the town plat in 1803. The use was limited and took effect then ; and a subsequent conveyance of the donors affects neither the trust nor the title. The words expressed in the act of dedication were “public ground;.” a phrase which, in reference to a lot in a town, of shape, dimensions, ,and position suitable for this purpose, naturally, though not neces *79 ■sarily, means a public square. 6 Ohio, 298; 7 Ohio, 221. Where the words of dedication are ambiguous, the cotemporaneous acts and declarations of the donors, and usage, may be adverted to, to explain them. 6 Ohio, 298; 7 Ohio, 88, 221. The testimony taken in this case, does not show with any certainty, that these words ought to bear a different interpretation. The subscriptions for the erection of a court house, made in 1805, but not paid until 1809, and the erection •of the court house in that year, are probably too long after the grant to be employed to explain its meaning. The actual occupation of the •lots by a court house and jail, is not inconsistent with the use of the property in the town; for the location of a court house and jail on a public square, transfers no property, but is an easement only, and the town may reclaim its rights, when the county occupation shall cease.
Remanded to the county for final decree, with leave to either party "to take further proof.